Century Electric Company, a Corporation, v. Commissioner.
Century Elec. Co. v. Commissioner
Docket No. 108667.
United States Tax Court
1942 Tax Ct. Memo LEXIS 64; 1 T.C.M. (CCH) 155; T.C.M. (RIA) 42623; November 30, 1942
*64 T. Hartley Pollock, Jr., Esq., 705 Olive St., St. Louis, Mo., for the petitioner. Angus R. Shannon, Jr., Esq., for the respondent. TURNER
Memorandum Opinion TURNER, J.: The Commissioner has determined income tax deficiencies against petitioner for the calendar years 1936 and 1937 in the amounts of $17,119.14 and $15,148.76, respectively. The only issue presented is whether for the purpose of the surtax on undistributed net income the petitioner is entitled to certain credits because of a contract restricting the payment of dividends. All of the facts herein were stipulated by the parties and the facts are found as stipulated. [The Facts] The petitioner is a Missouri corporation, organized in 1901, and has its principal office in St. Louis, Missouri. Its income tax returns for the calendar years 1936 and 1937 were prepared from books kept on the accrual basis and filed with the collector for the First District of Missouri. In computing its surtax on undistributed profits for the years covered by the above returns, petitioner claimed credit deductions against its adjusted net income pursuant to section 26 (c) (2) of the Revenue Act of 1936 which deductions were disallowed *65 by the Commissioner. For the purpose of this opinion it will only be necessary to set out the provision of the indenture executed by the petitioner to the trustee, requiring the payment of a certain percent of the net income, as defined in other sections of the instrument, into a sinking fund to be applied on its debt. The sinking fund provision is contained in a supplemental indenture of March 1, 1, 1933, Article IV, and reads as follows: Section 1. Beginning on April 1, 1935, and annually on April 1 in every year thereafter the Corporation will pay to the Trustee as and for a sinking fund to be applied to the redemption of extension bonds, as hereinafter provided, a sum equivalent to twenty-five per cent (25%) of the net income, as hereinafter defined, of the Corporation. For the purpose of this Supplemental Indenture, the fiscal year of the Corporation shall be the calendar year. Net income forming the basis for the April 1, 1935 payment shall be based on the fiscal year commencing January 1, 1934 and ending December 31, 1934. The deposit from 1936 net earnings due to be made under the above provision on April 1, 1937, was actually made during the year 1936. In 1936 another supplemental *66 indenture was executed for the purpose of renewing the bonds but the effect of the previous indentures was not changed. The required deposit from 1937 earnings was made by petitioner with the trustee on April 1, 1938. At all times from December 31, 1937, to April 1, 1938, both inclusive, petitioner had on deposit in its bank account a sum in excess of the deposit required under the above indenture. The petitioner, by authorization of its officers, upon closing its books for the calendar year 1937, and in its monthly statement for December 31, 1937, rendered shortly thereafter, and in its annual stockholders' statement as of December 31, 1937, set up the sum of its liability due the trustee under the provisions of the indenture. [Opinion] In computing its surtax on undistributed profits for 1936 and 1937 the petitioner claimed credit under section 26 (c) (2) of the Revenue Act of 1936 for the amounts deposited with the trustee from 1936 and 1937 earnings. Since this case was submitted the question whether a contract such as that under consideration here meets the requirements of the above cited section of the statute has been decided by the United States Supreme Court in the *67 cases of Helvering v. The Ohio Leather Co.; Helvering v. The Strong Manufacturing Co.; and . In the last case above the mortgage contained a sinking fund provision which required the corporation to pay to the trustee "on or before the 1st day of April of each year thereafter * * * a sum of money equal to Twenty-five Per Cent (25%) of its net earnings for the calendar year next preceding." In that case, as was done by the petitioner in 1936, the corporation paid to the trustee an equivalent of 25 per cent of the net earnings, during the taxable year. The Supreme Court, in interpreting the contract and section 26 (c) (2), held that while the contract met the requirements of the Act in that it was executed prior to May 1, 1936, and expressly dealt with the disposition of earnings and profits of the taxable year, it did not meet the third requirement that it contain a provision requiring that a portion of such earnings and profits either (a) "be paid within the taxable year in discharge of a debt," or (b) "be irrevocably set aside within the taxable year for the discharge of a debt." The contract in question *68 contained no provision requiring the actual payment from or the setting aside of earnings within the taxable year to or for the discharge of a debt. The claim of the petitioner for credits herein is accordingly denied. Decision will be entered for the respondent.